IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| **ANGIE ELLIS,**<br><br>Plaintiff,<br><br>-v-<br><br>**TRANS UNION, LLC and ALDOUS & ASSOCIATES, PLLC,**<br><br>**Defendants.** | Civil Case Number:<br><br>**CIVIL ACTION**<br><br>**COMPLAINT<br>AND<br>DEMAND FOR JURY TRIAL** |

## INTRODUCTION

1. Identity theft has long been a widespread problem in this country. Over the past decades, identity theft has emerged as one of the fastest growing white-collar crimes in the United States.[1] Millions of Americans annually fall victim to this crime and are required to spend countless hours and untold effort in attempting to undo the resulting harm caused to their credit reports.[2]

2. Plaintiff, Angie Ellis, has been the unfortunate victim of identity theft. Specifically, upon information and belief, at least one individual has been fraudulently opening various accounts using Plaintiff's PII and Social Security Number, without her knowledge or authorization. These accounts have destroyed Ms. Ellis's credit with each of them reporting these accounts negatively.

3. Rather than working with Ms. Ellis to rectify this unfortunate situation, each of the

---

[1] *See, Sloane v. Trans Union Info. Servs., LLC*, 510 F.3d 495, 505 (4th Cir. 2007).
[2] Victimization surveys conducted by Synovate for the Federal Trade Commission estimate that, between 1998 and 2003, approximately 27.3 million adults discovered they were the victims of identity theft, with 9.91 million adults discovering they were victims in 2003 alone. *See,* Graeme R. Newman & Megan M. NcNally, *Identity Theft Literature Review* 14 (2005), http://www.ncjrs.gov/pdffiles1/nij/grants/210459.pdf (citing Synovate, Federal Trade Commission—Identity Theft Survey Report 7, 12 (2003), http:// www.ftc.gov/os/2003/09/synovatereport.pdf).

Defendants refuse to remove these fraudulent accounts from her credit report, despite the Plaintiff specifically disputing these fraudulent items. Instead, the Defendants have continued to willfully and negligently harm the Plaintiff's credit report by continuing to associate these fraudulent accounts with the Plaintiff, thereby severely impacting Plaintiff's life and her ability to obtain credit.

4. Plaintiff thus brings this action under the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq*. (the "FCRA") alleging Trans Union and A&A have been negligently, recklessly and knowingly disseminating false information regarding the Plaintiff's credit, namely by continuing to associate Plaintiff with these fraudulent accounts, particularly after the Plaintiff mailed letters to Defendants specifically advising them of this issue and submitting the necessary supporting documentation.

5. Plaintiff further alleges that the consumer reporting agency Trans Union failed to investigate credit report inaccuracies in response to Plaintiff's disputes.

6. Plaintiff seeks statutory, actual, and punitive damages, along with injunctive and declaratory relief, and attorneys' fees and costs.

## JURISDICTION

7. The Court has jurisdiction of this matter under 28 U.S.C. § 1331 and 15 U.S.C. § 1681p.

8. Venue is proper in this judicial District pursuant to 28 U.S.C. 1391(b)(2).

## PARTIES

9. Plaintiff, Angie Ellis ("Plaintiff"), is a resident of Pinellas County in the State of Florida and is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

10. Defendant Trans Union, LLC ("Trans Union") is one of the largest credit reporting

agencies in the United States, and is engaged in the business of assembling and disseminating credit reports concerning hundreds of millions of consumers. Trans Union is a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f) of the FCRA, and is regularly engaged in the business of assembling, evaluating, and dispersing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681a(d)(1) of the FCRA, to third parties.

11. Trans Union is a limited liability company with its principal office located at 555 W. Adams Street, Chicago, IL 60661.

12. Defendant Aldous & Associates, PLLC ("A&A") is a debt collector with its headquarters located in Holladay, Utah.

## FACTUAL ALLEGATIONS

13. Sometime prior to May of 2023, Plaintiff discovered she was the victim of identity theft. Around that same time, Plaintiff noticed that a number of collection accounts were appearing on her consumer credit reports from Trans Union, stemming from accounts which were opened without her knowledge or authorization to do so. This included:

- Aldous & Associates – (original creditor VASA FITNESS) – Opened Jan. 02, 2020; and
- Aldous & Associates – (original creditor VASA FITNESS) – Opened Dec. 01, 2021.

14. Accordingly, Plaintiff took appropriate action, including filing a police report with the Wichita Police Department and completing a sworn FTC Identity Theft Affidavit, in which she listed the accounts as they were appearing on her credit reports despite the fact that they were not hers and she had never opened them or incurred these debts.

15. On multiple occasions, including on or about December 18, 2023, Plaintiff disputed these fraudulent accounts with Trans Union, asserting that these accounts were not hers, that Plaintiff was the victim of identity theft, and that this information should be removed or blocked.

16. With those disputes, Plaintiff included copies of the sworn FTC Identity Theft Affidavit and police report.

17. Upon information and belief, A&A was notified of Plaintiff's disputes.

18. Following receipt of Plaintiff's dispute, Trans Union failed to conduct a reasonable investigation, correct or remove the fraudulent A&A accounts from the Plaintiff's credit file. Instead, that information is still being reported to this day.

19. Upon information and belief, Trans Union had all the information they needed to locate, investigate, and correct this inaccurate information, but just failed to do so.

20. Equifax, Trans Union and A&A were each notified of the respective disputes, but refused to investigate and/or remove inaccurate reporting.

21. At all times pertinent hereto, Defendants' violations of the FCRA were willful, and carried out in reckless disregard for consumer's rights as set forth under section 1681s, 1681i and 1681b of the FCRA. Accordingly, Plaintiff is entitled to statutory, actual, and punitive damages under 15 U.S.C. § 1681n.

22. Additionally, Defendants' violations of the FCRA were negligent. Accordingly, Plaintiff is entitled to statutory and actual damages under 15 U.S.C. § 1681o.

23. In any event, Defendants are liable for Plaintiff's reasonable attorneys' fees and costs, pursuant to 15 U.S.C. §§ 1681n and 1681o.

24. As a direct and proximate result of the Defendants' willful and/or negligent refusal to conduct a reasonable investigation as mandated by the FCRA, Plaintiff has been harmed in her

daily life, by the impact that this derogatory information has had on her credit score and the defamatory harm that Plaintiff has suffered as a result of having this fraudulent, negative information attributed to her and disseminated to creditors. For example, Plaintiff has been denied credit due to these derogatory inaccuracies, and has been offered credit on less favorable terms.

25. Defendants' violations of the FCRA further caused the Plaintiff great distress, anger, annoyance and frustration in his daily life, and subjected the Plaintiff to abusive credit reporting practices from which Plaintiff had a substantive right to be free.

<u>**COUNT I**</u>
**VIOLATIONS OF THE FAIR CREDIT REPORTING ACT**
**15 U.S.C. § 1681i**
**AGAINST TRANS UNION**

26. All preceding paragraphs are realleged.

27. At all times pertinent hereto, Trans Union was a "consumer reporting agency" ("CRA") as that term is defined by 15 U.S.C. § 1681a(c).

28. The FCRA provides that:

> "***if the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer*** and the consumer notifies the agency directly, or indirectly through a reseller, of such dispute, *the agency shall, free of charge, conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file* in accordance with paragraph (5), before the end of the 30-day period beginning on the date on which the agency receives the notice of the dispute from the consumer or reseller."
> 15 U.S.C. § 1681i(a)(1)(a) (emphasis added).

29. On multiple occasions, including or about December 13, 2023, the Plaintiff initiated a dispute with Trans Union requesting that they correct and remove the specific fraudulent items in her credit file that were patently inaccurate and damaging to her, including the fraudulent A&A accounts. Plaintiff provided information and documentation showing that she was the victim of

identity theft and had not opened these accounts.

30. However, Trans Union never adequately investigated the Plaintiff's disputes, as required by the FCRA.

31. Instead, Trans Union, after either conducting no investigation or failing to conduct a reasonable investigation, continued to report this inaccurate information, something that any basic investigation would have prevented.

32. As a direct and proximate result of Trans Union's willful and/or negligent refusal to conduct a reasonable investigation as mandated by the FCRA, Plaintiff has been harmed, as explained above.

## COUNT II
### VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
### 15 U.S.C. § 1681c-2
### AGAINST TRANS UNION

33. All preceding paragraphs are realleged.

34. On or about December 13, 2023, Plaintiff initiated a dispute with Trans Union requesting that they correct and remove the fraudulent A&A accounts, as these accounts were fraudulently opened by an individual other than the Plaintiff.

35. In support of this dispute, the Plaintiff included copies of the sworn FTC Identity Theft Affidavit.

36. Trans Union refused to acknowledge that it had different obligations under such circumstances than those triggered by a standard dispute.

37. As such, instead of following the law and blocking the fraudulent information on the Plaintiff's credit report within four days of receiving the dispute, Trans Union continued to report this fraudulent information.

38. As a direct and proximate result of Trans Union's willful and/or negligent refusal

to block this fraudulent information, as mandated by the FCRA, Plaintiff has been harmed.

## COUNT III
## VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
## 15 U.S.C. § 1681e(b)
## AGAINST TRANS UNION

39. All preceding paragraphs are realleged.

40. Section 1681e(b) of the FCRA requires that, "Whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates."

41. Accordingly, Trans Union was required to follow procedures to assure maximum possible accuracy of the credit reports it prepared concerning Plaintiff. However, Trans Union failed to do so.

42. Were Trans Union to follow procedures to assure maximum possible accuracy of the credit report it prepares concerning Plaintiff, it would have removed the fraudulent A&A accounts from the Plaintiff's credit report, especially after the Plaintiff (1) disputed the account with Trans Union on numerous occasions, and (2) provided Trans Union with documents and information definitively establishing that she was the victim of identity theft and that these accounts were not opened by her.

43. Furthermore, were Trans Union to follow procedures to assure maximum possible accuracy of the credit report it prepares concerning Plaintiff, it would have prevented the erroneous information from being reported on the Plaintiff's credit report, especially after the Plaintiff provided Trans Union with the information reflecting that this information was inaccurate.

44. As a direct and proximate result of Trans Union's willful and/or negligent failure to

follow procedures to assure maximum possible accuracy of the information it reports, Plaintiff has been harmed.

## COUNT IV
## FAILURE TO INVESTIGATE DISPUTE
## FCRA, 15 U.S.C. § 1681s-2(b)
## AGAINST A&A

45.　All preceding paragraphs are re-alleged.

46.　Furnishers of credit information have a duty under the FCRA to investigate disputes from consumers as to the accuracy of information being reported.

47.　On numerous occasions, including or about December 13, 2023, Plaintiff initiated disputes with the credit bureaus disputing the accuracy of the accounts being reported by A&A.

48.　Upon information and belief, A&A received notice of these disputes from the credit bureaus.

49.　A&A was obligated, pursuant to section 1681s-2(b) of the FCRA to conduct a complete and thorough investigation with respect to Plaintiff's dispute.

50.　Even after the Plaintiff properly disputed these accounts with the credit reporting agencies, A&A refused to conduct a reasonable investigation and continued inaccurately reporting the multiple fraudulent accounts on Plaintiff's credit reports.

51.　A&A's conduct violated section 1681s-2(b) of the FCRA.

52.　As a result of A&A's conduct, Plaintiff was harmed, as discussed above.

## DEMAND FOR TRIAL BY JURY

53.　Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff demand judgment against Defendants as follows:

A. Awarding Plaintiff actual damages, statutory damages and punitive damages pursuant to pursuant to 15 U.S.C. §§ 1681n and/or 1681o, including pre-judgment and post-judgment interest;

B. Awarding Plaintiff the costs of this action and reasonable attorneys' fees and expenses pursuant to 15 U.S.C. §§ 1681n and/or 1681o;

C. A declaration that Defendants' conduct alleged herein is unlawful, as set forth more fully above;

D. Equitable relief, enjoining Defendants from engaging in the unjust and unlawful conduct alleged herein; and

E. Awarding Plaintiff such other and further relief as this Court may deem just and proper.

Dated: April 25, 2024

By:   */s/ Joseph Kanee*

Joseph H. Kanee, Esq.
MARCUS & ZELMAN, LLC
4000 Ponce De Leon, Suite 417
Coral Gables, Florida 33146
(786) 369-1122 telephone
joseph@marcuszelman.com

*Attorneys for Plaintiff*